IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAKUR ALI ABDULLAH AL-AMIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:12-cv-141 |
| WARDEN COLSON, DEPUTY WARDEN SANDY HALL, SGT. LEWIS, ASSISTANT COMMISSIONER OF OPERATIONS, C/O RAFFERY, C/O STOKEN, C/O CHAMBLISS, SGT. LEONARD, C/O YEBURAH, C/O JOSH GRAVES, CHAPLAIN JENNY ALEXANDER, SGT. SHEILDCAMP, and SGT. TERRY PUCKETT, Internal Affairs, | ) Judge Haynes |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Shakur Ali Abdullah Al-Amin,[1] a state inmate at Riverbend Maximum Security Institution ("RMSI"), filed this action under 42 U.S.C. § 1983 against the Defendants: Warden Colson, Deputy Warden Sandy Hall Sargent Lewis, Assistant Commissioner of Operations in care of Rafferty, Stoken, Chamlliss, Sargent Leonard in care of Yeburah, Josh Graven, Chaplain Jenny Alexander, Sargent Sheildcamp and Sargent Terry Puckett, Internal Affairs. Plaintiff assert claims of religious discrimination.

By separate Order, the Court granted Plaintiff's application to proceed without prepayment of fees and costs, and has directed that the complaint be filed *in forma pauperis*.

### A. ALLEGATIONS IN THE COMPLAINT

According to his complaint, Plaintiff, a Muslim, alleges discrimination by jail authorities based on his religion. Specifically, Plaintiff alleges his meal trays were tampered with on January 9 and 11, 2012. Corrections Officers Chambliss and another officer allegedly told him "everything is against that damn crazy ass religion and [Plaintiff] [is] not special and would accept what they give or sue them." (Docket Entry No. 1, at 4.) These officers also told him to write a grievance. Plaintiff also alleges that since November 18, 2011, Plaintiff must stand at attention during cell checks by Hall, Colson, Hampton, and Mosley, policy that

---

[1] Plaintiff's first name was incorrectly entered on the electronic docket as "Ahakur."

is against Plaintiff's religion. (*Id.*) Plaintiff alleges that the morning and evening meals served to him during Ramadan were shorter and were cold. On September 30, 2011 Plaintiff was given a meal with pork and was not allowed an alternative by all the floor staff "C.O.s." On two days in October, Plaintiff's religious books were tampered, citing the return addresses removed, so he could not verify the senders' addresses. Sgt. Sheildcamp made discriminatory comments.

In December, Plaintiff's unit manager[2] was given a copy of the court order showing Plaintiff had legally changed his name, but refused to allow Plaintiff to correct his inmate identification card or add his correct name to his call sheet. Plaintiff alleges his requests for legal supplies and legal assistance were ignored. Plaintiff received dental care outside the prison and had four teeth pulled, but alleges that "they pulled one wrong tooth." (Docket Entry No. 1, at 6.) Since then he has not been seen again or received pain medication. Plaintiff alleges he "signed up for sick call [and] all money was taken off books not half." (*Id.*) He seems to be alleging elsewhere that money was deducted from his account for sick call, but he did not actually receive medical care.

Plaintiff alleges prison officials removed him from Unit 3B 103 cell for fighting and sent him to Unit 4B 108 cell, but most of Plaintiff's personal property never arrived or was damaged upon arrival at his new cell. Plaintiff alleges that his Qur'an was damaged, and that he lost his Timberland boots, radio, headphones, five books, and a cooler. Plaintiff filed a grievance. The Grievance board ruled that these items should be replaced, but have not been replaced. Plaintiff alleges Sft. Tyner, Officer Holmes, and Officer Blake Pollock (none of whom is named as a defendant) were "sent" to his cell to remove his television in retaliation for his grievance about his other property. Plaintiff alleges that he was unable to "mail out" for some period of time and then placed in "the hole" in unit 3D-105 cell. (Docket Entry No. 1, at 7.) After his return to his cell, Plaintiff discovered his personal hygiene, food from the commissary, glasses, books, and cooler were missing. After asking Officer Shieldcamp about his property, Plaintiff was and was told: "file a grievance as you've been doing we don't work for you to watch your stuff." (Docket Entry No. 1, at 7.)

---

[2]The manager is listed as a defendant on Plaintiff's application to proceed as a pauper but is not named in the actual complaint as a defendant

Plaintiff alleges money is missing from his prison trust-fund account, but does not specify when or in what amounts his account has been improperly debited (other than claiming money was debited from his account after he signed up for sick call but did not receive treatment). Plaintiff alleges that videos and photographs of him have been placed on the internet. He does not state by whom or under what circumstances.

In the "relief" section of his complaint, Plaintiff seeks an "Injunction to have the court order TDOC to save camera recordings." (Docket Entry No. 1, at 8.) It is unclear what "camera recordings" he seeks to have saved. Otherwise, in the relief section, Plaintiff lists again several of the wrongs he claims to have suffered and adds some new ones. Specifically, Plaintiff indicates that he has been denied access to mail, visitation, telephone and other forms of communication without due process and solely for the purpose of preventing him from contacting his lawyer; he claims he injured his right forearm but was denied medical treatment and the emergency call light went unanswered; he claims to have suffered cruel and unusual punishment in the form of being placed in "nasty unclean showers" and receiving no cleaning supplies other than water in bottles. In another section of his complaint,[3] where he is asked to state briefly what he wants to the court to do from him, Plaintiff state he wants to be paid for lost property and damage, to have his Qur'an replaced; for "religious duties of Chaplain's office to be corrected," and for his religion to be respected. He again asks for an injunction "to save recordings of camera." (Docket Entry No. 1, at 5.)

## B. Conclusions of Law

Under the Prison Litigation Reform Act ("PLRA"), this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it is filed *in forma pauperis* or if it seeks redress from a governmental entity or official. 28 U.S.C. §§ 1915(e)(2), 1915A. After the initial screening, the Court must *sua sponte* dismiss the complaint or any portion thereof that is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag*

---

[3] Plaintiff's complaint is cobbled together from entirely handwritten sheets together with parts from several different form complaints.

v. *McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

For 42 U.S.C. § 1983 claim, Plaintiff allege "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001).

Construed very broadly, Plaintiff alleges claims under the First Amendment and/or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), based on Plaintiff's allegations that prison officials are unreasonably interfering with his ability to practice his religion (*i.e.*, through the alleged refusal to acknowledge Plaintiff's religiously motivated official name change, refusal to accommodate Plaintiff's dietary restrictions, and requirement that he stand at attention). *See Cutter v. Wilkinson*, 544 U.S. 709 (2005); *Hoevenaar v. Lazaroff*, 422 F.3d 366, 370 (6th Cir. 2005). Plaintiff also appears to state a claim for retaliation for his prison grievance. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (enumerating elements of § 1983 retaliation claim). The persons he alleges may be responsible for these claims include Warden Colson, Deputy Warden Hall, Corrections Officer Chambliss, and Sgt. Sheildcamp.

As to Plaintiff's claims for loss of his personal property, such claims arises under the Fourteenth Amendment, where state law provides adequate remedies, the negligent or even intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (984). For a viable due process claim, a plaintiff must (1) demonstrate his loss was due to a established state procedure, not a "random and unauthorized act." *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). Plaintiff must plead that the state remedies are inadequate, *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983) and Tennessee laws in loss of personal property have been found adequate. Here, Plaintiff does not allege that the deprivation occurred as a result of an established policy. Plaintiff's allegations suggest negligent or intentional failure to protect Plaintiff's property.

Plaintiff's mail tampering claim does not identify any Defendant who is responsible. This claim is too vague to state a § 1983 claim.

Plaintiff's medical care claims reflect actual receipt of outside medical care and fails to allege facts of any deliberate indifference to his serious medical needs.

### III. CONCLUSION

In sum, Plaintiff's First Amendment/RLUIPA claims and retaliation claims against Defendants Warden Colson, Deputy Warden Hall, Officer Chambliss, and Sgt. Sheildcamp shall proceed. Plaintiff's claims against the other named defendants and Plaintiff's due process, medical care, and mail claim should be dismissed.

An appropriate order is filed herewith.

This the 1st day of May, 2012.

William J. Haynes, Jr.
United States District Judge